FILED

2020 Feb-20  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: |
| | ) | 5:18-cv-01055-CLS |
| RANDY HAMES and HAMES | ) | |
| MARINA, d/b/a HAMES MARINA | ) | |
| and MOBILE HOME PARK, | ) | |
| | ) | |
| Defendants. | ) | |

---

| | | |
|---|---|---|
| TOMEKA BARTLETT, and | ) | |
| KAYLA CARREKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 2:18-cv-01096-CLS |
| RANDY ALLAN HAMES, | ) | |
| HAMES MARINA, L.L.C., | ) | |
| CHRISTI HAMES DOLBEER, | ) | |
| MARY CATHERINE HAMES, | ) | |
| JESSICA HAMES PENNER, | ) | |
| ANGELA HAMES SAHURIE, | ) | |
| and MIRANDA HAMES SELF, | ) | |
| | ) | |
| Defendants. | ) | |

## **AMENDED COMPLAINT**

1

1.     Plaintiffs, Tomeka Bartlett and Kayla Carreker bring forth this action against Defendants, Randy Hames, Hames Marina, L.L.C., Christi Hames Dolbeer, Mary Catherine Hames, Jessica Hames Penner, Angela Hames Sahurie, Miranda Hames Self and Marina Management Company, LLC for violation of the Fair Housing Act, 42 U.S.C. §3601, *et seq*., along with Alabama state law causes of action.

## I.  JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §3613. The jurisdiction of this Court is invoked to secure protection for and redress deprivation of rights secured by The Fair Housing Act, 42 U.S.C. §3601, *et seq*. Jurisdiction is also invoked pursuant to 28 U.S.C. §§1331, 2201 and 2202, as hereinafter more fully appears. Jurisdiction over Plaintiffs' state law causes of action exists under the doctrine of supplemental jurisdiction, 28 U.S.C. §1367.

## II.  PARTIES

3.     Plaintiff, Tomeka Bartlett, is over the age of 19 years and a resident citizen of Alabama. Plaintiff is an "aggrieved person" as is defined by the Fair Housing Act, 42 U.S.C. §3602(I).

4.     Plaintiff, Kayla Carreker, is over the age of 19 years and a resident citizen of Alabama. Plaintiff is an "aggrieved person" as is defined by the Fair Housing Act, 42 U.S.C. §3602(I).

5.      Defendant Randy Allan Hames, is an individual over the age of 19 years and a resident citizen of Alabama.  Defendant Randy Hames is a person subject to suit under the Fair Housing Act, 42 U.S.C. §3602, 3603 *et. seq*.

6.      Defendant Hames Marina, L.L.C. is domestic limited liability company that conducts business in Alabama. Defendant Hames Marina, L.L.C is an entity subject to suit under the Fair Housing Act, 42 U.S.C. 3602, 3603 *et. seq*.

7.      Defendant Christi Hames Dolbeer, is an individual over the age of 19 years and a resident citizen of Alabama.  Defendant Dolbeer is a person subject to suit under the Fair Housing Act, 42 U.S.C. 3602, 3603 *et. seq*.

8.      Defendant Mary Catherine Hames, is an individual over the age of 19 years and a resident citizen of Alabama.  Defendant Mary Hames is a person subject to suit under the Fair Housing Act, 42 U.S.C. 3602, 3603 *et. seq*.

9.      Defendant Jessica Hames Penner, is an individual over the age of 19 years and a resident citizen of Alabama.  Defendant Penner is a person subject to suit under the Fair Housing Act, 42 U.S.C. 3602, 3603 *et. seq*.

10.     Defendant Angela Hames Sahurie, is an individual over the age of 19 years and a resident citizen of Alabama.  Defendant Sahurie is a person subject to suit under the Fair Housing Act, 42 U.S.C. 3602, 3603 *et. seq*.

11.     Defendant Miranda Hames Self, is an individual over the age of 19 years and a resident citizen of Alabama.  Defendant Self is a person subject to suit under the Fair Housing Act, 42 U.S.C. 3602, 3603 *et. seq*.

12.     Marina Management Company, LLC is domestic limited liability company that conducts business in Alabama. Defendant Marina Management Company, LLC  is an entity subject to suit under the Fair Housing Act, 42 U.S.C. 3602, 3603 *et. seq*.

13.     Defendant Marina Management Company, LLC was formed on or about July 9, 2018. Upon information and belief, Defendant Marina Management Company, L.L.C is currently conducting business on all or a portion of property owned by Randy Hames and Hames Marina, LLC.

14.     Defendants Christi Hames Dolbeer, Mary Cahterine Hames, Jessica Hames Penner, Angela Hames Sahurie, and Miranda Hames Self were the alleged owners of the property on which Defendant Hames Marina, LLC operated as of March 9, 2018, as more fully discussed below.

15.     At all times relevant hereto, Defendant Randy Hames was the sole agent, officer and shareholder of Hames Marina, L.L.C., which operates the residential trailer park located at Hames Marina and Mobile Home Park with its principal place of business in Cullman County, Alabama.

4

16.     At all times relevant hereto, Defendant Randy Hames was the property manager at Hames Marina, and ran all day to day operations of the residential community. Hames exerted control over the residents and visitors of the community. Until March 9, 2018, Hames was the owner of property on which Defendant Hames Marian, LLC operated its residential trailer park.

17.     Plaintiffs are former residents of the Hames Marina mobile home community and were at all times relevant to this Complaint.

### III. FACTS

### Plaintiff Tomeka Bartlett

18.     Plaintiff Tomeka Bartlett ("Bartlett"), and Bartlett's two year old daughter, were tenants at Defendants' trailer park (Lot 15) from approximately December 10, 2017 until January 2018.

19.     On or about December 10, 2017, Bartlett met with Hames before agreeing to move into the trailer. During this meeting Hames agreed that he would accept $300.00 for rent for the first month and would accept $400.00 per month for rent after that. Hames told Bartlett that if she ever got behind or struggled with rent "he would work with her". Hames also asked her if she had ever had any dealings with "DHR" (Department of Human Resources).

20.     Defendants subjected Bartlett to harassment and discriminatory treatment

on the basis of sex. Such harassment and discrimination included, but was not limited to, the conduct set out more fully below.

21.    Shortly after Bartlett moved into the trailer, Hames would sit in his parked car outside of Bartlett's home. Hames would enter her home without knocking or her permission.

22.    On one occasion, Hames entered Bartlett's home while she was in the shower. Hames was calling for Bartlett, and she responded by asking him to come back later. Hames responded "No, it is ok. I would rather see you naked".

23.    Hames questioned Bartlett about her personal relationships and sexual activity. Hames asked her if she "was having sex with anyone", whether she was having sex with her daughter's father?", "whether she was doing oral with anyone.", and whether she was allowing men to ejaculate inside of her.

24.    On or about December 22, 2017, Hames entered Bartlett's home without permission and told her that she could not live there for free anymore, and he demanded additional money from her. Hames told her "I know you're a single mother and are working"   Hames told her that they could work things out and offered to exchange sex for rent.  Bartlett blatantly refused Hames' offer for sex.

25.    After Plaintiff Bartlett refused Hames' sexual advances, his demeanor visibility changed towards Bartlett. Hames served Bartlett with an eviction notice on

December 27, 2017.

26.     Hames, on behalf of Hames Marina, filed a complaint for eviction against Bartlett in the District Court of Cullman County, Alabama on January 5, 2018.

27.     Bartlett filed a *Pro se* Answer in the eviction proceedings on January 12, 2018 challenging Hames' eviction of her and claiming Hames' was upset due to Bartlett refusing Hames' sexual advances.

28.     After their eviction, Bartlett and her daughter went to live at a Women's Services shelter.

29.     Hames continued to harass Bartlett even after she left the trailer park with threats, following her, and interfering with her attempts to secure temporary housing.

30.     For example, after Bartlett filed her *Pro se* Answer in the eviction proceedings, Hames went to Bartlett's sister's residence and warned her that Bartlett was causing trouble for him and Bartlett better keep her mouth shut.   Hames threatened Bartlett with DHR involvement concerning her daughter. He told Bartlett's sister that "he knew people in the DA's office" and "he knew people in DHR" and "he knew people in the shelter." Hames also stated that Bartlett "had not been physically abused by anyone" and she would not be able to stay at the shelter.

31.     Upon information and belief, Hames learned of Bartlett's staying at the

women's shelter and gave her confidential location to Bartlett's family members. Additionally, when Bartlett was informed that she and her daughter could no longer stay in the shelter, the reason given was that she was "not a victim of physical abuse".

32.    Bartlett is aware that Hames engaged in similar conduct to other females.

33.    Defendants' conduct has caused Bartlett to suffer emotional stress, embarrassment, fear and humiliation.

34.    Defendants' conduct was willful and with reckless disregard to Plaintiffs' protected rights.

### Plaintiff Kayla Carreker

35.    Plaintiff Kayla Carreker ("Carreker"), and Carreker's two year old son, were tenants at Defendants' trailer park (Lot 4B) from approximately, November 4, 2017 until January 26, 2018.

36.    Carreker's rent was $375.00 per month. Her payments were always in cash and there was no deposit.

37.    Defendants subjected Carreker to harassment and discriminatory treatment on the basis of sex. Such harassment and discrimination included, but was not limited to, the conduct set out more fully below.

38.    Shortly after Carreker moved into the trailer, Hames would ride by her home daily and often sit in his car outside of her home.  Hames would enter her home

without knocking or without her permission.  Hames even entered her home while she was sleeping or while she was in the shower.

39.    Hames would frequently question Carreker about any male guests she had at her home and instructed Carreker that her male friend was not allowed to visit the trailer.

40.    On or about December 9, 2017, Hames entered Carreker's home. Carreker was sitting on the couch and she was changing her son's diaper on the couch. Hames sat down on the couch next to Carreker, and he put his hand on her upper thigh. Carreker attempted to move away from Hames' touching, but Hames kept advancing closer to her.  Carreker got up and walked away.  During this visit Hames told her that they could work things out and offered to exchange sex for rent. Hames made statements to Carreker that "you cannot live here for free" and there was "another way to work out the rent", "I know you are a single mom working two jobs". Carreker attempted to change the subject and to rebuke Hames' sexual advances. However, Hames continued his sexual advances and making statements to her in front of her son such as "I could tell you what I like", "what if it was just oral", "I know you are a little bit shy.. But are you good at that?". Carreker did not accept Hames' offers to exchange sexual acts for her rent.

41.    On December 11, 2017, just two days after Carreker's refusal of Hames's

sexual advances, Hames gave Carreker an eviction notice.

42.     Carreker continued giving Hames cash payments towards her rent until late January 2018.

43.     Hames would come to Carreker's place of work to collect rent and continued to make sexual advances to her reminding her of the "other ways" to work out her rent.

44.     On or about January 24, 2018, Hames came to Carreker's place of work during a shift where she was working the drive-thru line. Hames walked up to the window (while cars were coming through the drive-thru line) and asked for rent and made sexual advances toward her.  Carreker continued to refuse Hames' offers. That same day, Carreker arrived home from work to find another eviction notice on her door.

45.     Hames, on behalf of Hames Marina, filed a complaint for eviction against Carreker in the District Court of Cullman County, Alabama on February 13, 2018. Carreker filed a *Pro se* Answer on February 20, 2018.

46.     After leaving Hames Marina, Carreker and her son went to live at a Women's Services shelter.

47.     Hames continued to harass Carreker even after she left the trailer park with threats, following her, and interfering with her attempts to secure temporary

housing.  Along with Bartlett, Carreker was told that she and her son could no longer stay in the shelter, because she "was not a victim of physical abuse".

48.    Defendants' conduct has caused Carreker to suffer emotional stress, embarrassment, fear and humiliation.

49.    Defendants' conduct was willful and with reckless disregard to Plaintiffs' protected rights.

### Transfer of Property by Defendants

50.    On or about February 8, 2018, Bartlett and Carreker filed *Pro se* petitions for protection from abuse against Randy Hames. At the time, Bartlett and Carreker were not represented by counsel.

51.    On or about February 22, 2018, Defendant Randy Hames was arrested and charged in Cullman County with two counts of stalking and two counts of solicitation of prostitution (DC-2018-1275-1276-1277-1278). These charges were related to the complaints filed by the Plaintiffs, which were sworn to before a magistrate and warrants were issued on February 22, 2018.

52.    On or about March 5, 2018,  Defendant Hames was arrested and charged in Cullman County with two counts of 2nd Degree Human Trafficking (DC-2018-235 and 236).

53.    On or about March 5, 2018, the Cullman County District Attorney filed

a *Lis Pendens* in the District Court of Cullman County on Defendant Hames' property on which Hames Marina, LLC is located.  In addition, the District Attorney recorded the *Lis Pendens* in the Probate Court of Cullman County on March 5, 2018, at 2:58 p.m.

54.    Defendant Hames was later charged with another count of 2nd Degree Human Trafficking and with 1st Degree Human Trafficking (DC-2018-267 and 268). Upon information and belief, Hames was informed, via his attorney, of these additional charges on March 9, 2018, and Hames turned himself in for booking and processing on the morning of March 10, 2018.

55.    On or about May 17, 2018, Hames was indicted by a Cullman County grand jury on the original filed changes and additional changes: CC-2018-480 (Human Trafficking 2nd Degree; Sexual Extortion; Solicitation of Prostitution; 2nd Degree Stalking); CC-2018-481 (Human Trafficking 1st Degree; Human Trafficking 2nd Degree); CC-2018-482 (Human Trafficking 2nd Degree; Sexual Extortion; Solicitation of Prostitution; 2nd Degree Stalking).

56.    As of March 5, 2018, Defendant Randy Hames was **clearly** on notice of potential civil lawsuits against him as a result of his actions and that his property and assets were subject to any future judgments against him.

57.    On or about March 5, 2018, Defendant Randy Hames was an attorney

12

licensed to practice law in Alabama and was aware of the laws concerning fraudulent conveyance of property and assets in order to avoid future judgments against the same.  Furthermore, Defendant Randy Hames was aware of the *Lis Pendens* action filed against his property by the Cullman District Attorney.

58.     Upon information and belief, Defendant Sahurie is an attorney licensed to practice law in Alabama.  Defendant Sahurie is aware of the laws concerning fraudulent conveyance of property and assets in order to avoid future judgments against the same.

59.     On March 9, 2018, Defendant Randy Hames fraudulently transferred his ownership of  all of his properties in Cullman County, including the property on which Hames Marina, LCC was located, to his daughters, Defendants Penner, Self, Sahurie, Mary Hames, and Dolbeer in violation of the Alabama Fraudulent Transfer Act, *Alabama Code* §8-9A-1, *et seq*. (2017).  This was the property that was also subject to the *Lis Pendens* action.

60.     On or about October 2, 2018, Randy Hames filed a deed of Correction amending the description of a previous deed to a portion of property that Hames fraudulently transferred to his Daughters on March 9, 2018.

61.     On or about October 18, 2018, Defendant Randy Hames filed articles of dissolution of Hames Marina, LLC.

13

62.     On or about October 18, 2018, Defendant Randy Hames issued a Bill of Sale for Mobile Homes located at 670 Co. Road 248, Cullman Alabama to Defendant Miranda Self.

63.     On or about October 18, 2018, Daughter Defendants fraudulently transferred a portion of the property that was formally part of Hames Marina, LLC. to Miranda Hames Self.

64.     On or about October 19, 2018, Miranda Self signed a lease agreement with Marina Management Company, L.L.C.  for the lease of Mobile Homes and property owned by her for the business of Marina and Mobile Home Park. Self-signed this agreement as owner of the property and manager of Marina Management Company, L.L.C.

65.     Upon information and belief, Marina Management Company, L.L.C. is owned fully or at least in part by Defendant Miranda Hames Self and is operating on and using the same property that was owned and operated by Randy Hames and/or Hames Marina, LLC.

66.     Upon information and belief, in addition to those assets fraudulently transferred on or about March 9, 2018,  Defendants in this case have made multiple additional transfers of real property and  assets after the commencement of this litigation.   In approximately October 2018 and November of 2018, Daughter

Defendants executed multiple deeds transferring and dividing the real property parcels that were originally fraudulently transferred to them by Randy Hames.

## IV. COUNT I

## VIOLATIONS OF THE FAIR HOUSING ACT – SEX

67. Plaintiffs adopt and re-allege Paragraphs 1-66 above as if fully set forth in full herein.

68. Plaintiffs are "aggrieved persons" as is defined by the Fair Housing Act.

69. This count is being brought by all Plaintiffs against all Defendants.

70. Defendants are persons in the business of selling or renting dwellings as such is defined in the Fair Housing Act.

71. Defendants meet the requirements as set forth in 42 U.S.C. §3603 (b) and (c) and are therefore, subject to suit for their unlawful conduct.

72. Defendants' unlawful conduct violated 42 U.S.C. §3604(a) and (b).

73. Plaintiffs have been subjected to harassment and discriminatory conduct on the basis of sex by Defendants.

74. Plaintiffs and other female residents have been sexually harassed and discriminated against by Randy Hames, the owner/manager.

75. The harassment was unwelcomed and based on sex. The harassment included sexually inappropriate comments, propositions and touching. Plaintiffs have endured both a hostile environment and *quid pro quo* harassment all of which affected the terms and conditions of their rental of a dwelling and living at Hames Marina.

76. Defendants have a pattern and practice of discriminatory and harassing

conduct.

77.     Defendants have had actual and constructive knowledge of the harassment but have failed to take prompt and remedial effective action to cure or prevent the unlawful conduct.

78.     As a result of Defendants' conduct, Plaintiffs suffered actual damages, along with emotional stress.

79.     Defendants' conduct was willful and/or with reckless disregard to Plaintiffs' federally protected rights.

## V.   COUNT II

### VIOLATIONS OF THE FAIR HOUSING ACT – §818

80.     Plaintiffs adopt and re-allege Paragraphs 1-66 above as if fully set forth in full herein.

81.     Plaintiffs are "aggrieved persons" as is defined by the Fair Housing Act.

82.     This count is being brought by all Plaintiffs against all Defendants.

83.     Defendants, Randy Hames and Hames Marina, are persons in the business of selling or renting dwellings as such is defined in the Fair Housing Act. Defendants Penner, Self, Sahurie, Mary Hames, and Dolbeer were the alleged owners of the property on which Hames Marina operated as of March 9, 2018. Defendant Marina Management Company, L.L.C is currently conducting business on all or a portion of property owned by Defendants.

84.     Defendants meet the requirements as set forth in 42 U.S.C. §3603 (b) and (c) and are therefore, subject to suit for their unlawful conduct.

85.     Defendants coerced, intimidated, threatened or interfered with Plaintiffs' exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under the Fair Housing Act in violation of 42 U.S.C. §3617.

86.     Defendants have a pattern and practice of discriminatory and harassing conduct.

87.     Defendants have had actual and constructive knowledge of the harassment but have failed to take prompt and remedial effective action to cure or prevent the unlawful conduct.

88.     As a result of Defendants' conduct, Plaintiffs suffered actual damages, along with emotional stress.

89.     Defendants' conduct was willful and/or with reckless disregard to Plaintiffs' federally protected rights.

## VI.  COUNT III

## INVASION OF PRIVACY

90.     Plaintiffs adopt and re-allege Paragraphs 1-66 above as if fully set forth in full herein.

91.     This count is being brought by all Plaintiffs against Defendants, Randy Hames, Hames Marina and Marina Management Company.  At all relevant times, Hames was acting in his authority as the owner of Hames Marina.

92.     Hames invaded the privacy of the Plaintiffs, by, among other things, sexually harassing Plaintiffs, which included but was not limited to, entering their home without permission or cause, making sexually inappropriate comments,

propositions, touching and conduct.  Hames also intruded upon the privacy of the Plaintiffs by asking unwelcomed questions about their private sexual life and history.

93.     Such conduct consisted of *quid pro quo* harassment and the creation of a hostile environment.

94.     The conduct was unwelcomed, based on sex, was severe and pervasive, and affected the Plaintiffs living conditions and mental solitude.

95.     Because of such conduct, Plaintiffs suffered severe emotional distress, along with actual damages.

96.     Defendants' conduct was willful and they acted with malice and/or reckless indifference toward Plaintiffs.

### VII. COUNT IV
### OUTRAGE

97.     Plaintiffs adopt and re-allege Paragraphs 1-66 above as if fully set forth in full herein.

98.     This count is being brought by all Plaintiffs against Defendants, Randy Hames, Hames Marina and Marina Management Company.  At all relevant times, Hames was acting in his authority as the owner of Hames Marina.

99.     Defendants Randy Hames and Hames Marina outrageously and intentionally inflicted emotional distress upon the Plaintiffs by repeatedly subjecting them to sexually offensive comments and conduct; intruding into their privacy; touching their body without their permission; and evicting them from their homes when they refused Hames' offers to perform sexual acts. Such conduct caused Plaintiffs severe emotional distress, actual damage, and undue hardship.

18

100.   Defendants outrageously and intentionally inflicted emotional distress upon the Plaintiffs by subjecting them to the egregious conduct outlined above.

101.   Defendants outrageously and intentionally inflicted emotional distress upon the Plaintiffs by condoning and ratifying the conduct and by its refusal to take prompt, adequate, and corrective action.

102.   Defendants' conduct, as set out above, was extreme, outrageous and beyond the boundaries of decency in civilized society, and it proximately caused Plaintiffs to suffer great emotional distress for which they claim compensatory damages.

103.   Because of such conduct, Plaintiffs suffered severe emotional distress, along with actual damages.

## VIII. COUNT V

## ASSAULT AND BATTERY

104.   Plaintiffs adopt and re-allege Paragraphs 1-66 above as if fully set forth in full herein.

105.   This count is being brought by Plaintiff Carreker against Defendants, Randy Hames, Hames Marina and Marina Management Company.

106.   As described above Hames intentionally or recklessly subjected Carreker to unwelcomed and offensive touching.

107.   Because of such conduct, Plaintiffs suffered severe emotional distress, along with actual damages.

19

## IX. COUNT VI

## VIOLATIONS OF REPRESENTATIVES

## JACK WILLIAMS AND MERIKA COLEMAN ACT,

## Alabama Code §13A-6-150, *et seq*. (HUMAN TRAFFICKING)

108.   Plaintiffs adopt and re-allege Paragraphs 1-66 above as if fully set forth in full herein.

109.   This count is being brought by all Plaintiffs against Defendants, Randy Hames, Hames Marina and Marina Management Company.

110.   Defendants' actions constitute violations of the Representatives Jack Williams and Merika Coleman Act, Alabama Code §13A-6-150, *et seq*.

111.   Defendants implemented a scheme, plan or pattern intended to cause Plaintiffs to believe that failure to have sexual relations with him would cause them mental suffering.

112.   Defendant intentionally used this scheme, plan or pattern, which was both overt and subtle, to cause Plaintiffs to believe that if they did not perform sexual acts for him they would suffer mental suffering, i.e., Plaintiffs and their children would be evicted.

113.   Defendant attempted to extort the Plaintiffs' person – by attempting to induce them into have sexual relations or performing sexual acts in exchange for rent.

114.   Defendant used coercion and deception to make Plaintiffs believe they would be evicted if they did not perform sexual favors for him.

115.   Defendant caused or threatened to cause mental suffering to Plaintiffs for not providing him with sexual servitude.

116.    Randy Allan Hames' conduct as described herein was acting within the scope of his employment with or agency for Hames Marina, L.L.C., and his actions were either authorized, requested, commanded, performed, or within the scope of Randy Allan Hames' employment on behalf of Hames Marina, L.L.C., the corporation, and/or constituted a pattern of conduct that Hames Marina, L.L.C. knew or should have known was occurring.

117.    Defendants, through unlawful actions in violation of §13A-6-150, *et seq.*, has caused Plaintiff to incur losses and expenses over $10,000 and such losses continue.

118.    In addition to an award of compensatory damages, Plaintiff is entitled to injunctive relief under Alabama Code §13A-6-157, restraining and enjoining Defendants and all those in privity, concert or participation with Defendants from engaging in such wrongful acts in violation of §13A-6-150, *et seq*.

## X. COUNT VII
## EQUITABLE RECISSION

119.    Plaintiffs adopt and re-allege Paragraphs 1-66 above as if fully set forth in full herein.

120.    On March 9, 2018, Defendant Randy Hames fraudulently transferred his ownership of all of his properties in Cullman County, including the property on which Hames Marina, LCC was located, to his daughters, Defendants Penner, Self, Sahurie, Mary Hames and Dolbeer in violation of the Alabama Fraudulent Transfer Act, *Alabama Code* §8-9A-1, *et seq*. (2017).  This was the property that was also subject to the *Lis Pendens*.

121.   To the extent Randy Hames had a contract or agreement with his co-defendant daughters to transfer his real property to them, it is void and unenforceable due to inadequate consideration, fraud and suppression, an existing *Lis Pendens,* and for violation of public policy.  The transfer of assets by Defendants is in violation of the Alabama Fraudulent Transfer Act, *Alabama Code* §8-9A-1, *et seq.* (2017).

122.   Accordingly and to the extent necessary, Plaintiffs submit that any such contract  should be equitably rescinded.

## XI.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request this Court:

1.   Grant Plaintiffs declaratory judgment against Defendants stating that their conduct violated the Fair Housing Act, and Plaintiffs' state law claims;

2.   Grant Plaintiffs a preliminary and permanent injunction enjoining Defendants from engaging in the practices alleged herein and ordering such affirmative relief as may be appropriate;

3.   To the extent necessary, rescind any alleged contractual relationship between any of the  named Defendants;

4.   Enter a judgment against Defendants and in favor of the Plaintiffs for Plaintiffs' actual damages, compensatory damages, punitive damages, and nominal damages;

5.   Award Plaintiffs their costs and expenses, including an award of reasonable attorneys' fees; and,

6.   Grant Plaintiffs such other relief as justice requires.

Respectfully submitted,

_/s/ **Lacey K. Danley**_
Candis A. McGowan
Lacey K. Danley

OF COUNSEL:

WIGGINS CHILDS PANTAZIS
     FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
cmcgowan@wigginschilds.com
ldanley@wigginschilds.com

_/s/ **R. Champ Crocker**_
R. Champ Crocker

R. Champ Crocker L.L.C
207 2nd Avenue S.E.
Cullman, AL 35055
Telephone: (256) 739-5005
Facsimile: (256) 739-5007
champ@champcrocker.com

## **JURY DEMAND**

PLAINTIFFS HEREBY DEMAND A TRIAL BY A STRUCK JURY

_/s/ **Lacey K. Danley**_
Lacey K. Danley

23

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the above and foregoing today, February 20, 2020, by utilizing the Court's CM/ECF system, with copies being served on:

Kile T. Turner
Norman, Wood, Kendrick & Turner
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Kturner@nwkt.com

Joseph E. Stott, Esquire
STOTT & HARRINGTON, P.C.
2637 Valleydale Road, Suite 100
Birmingham, AL 35244
joe@stottharrington.com

Gregory F. Yaghmai
Yaghmai Law, LLC
2081 Old Columbiana Road
Birmingham, AL 35216
greg@yaglaw.net

Jay E. Town
Jason R. Cheek
Carla C. Ward
United States Attorney - Northern District of Alabama
1801 4th Avenue North
Birmingham, AL 35203
Carla.Ward@usdoj.gov

Eric S. Dreiband
Sameena Shina Majeed
Michael S. Maurer
Elise Sandra Shore
Housing and Civil Enforcement Section
Civil Rights Division -U. S. Department of Justice
950 Pennsylvania Avenue NW
Northwest Building,7th Floor
Washington, DC 20530
Elise.Shore@usdoj.gov

*/s/ **Lacey K. Danley***
OF COUNSEL