FILED
2023 Aug-18 AM 10:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TOMEKA BARTLETT and KAYLA CARREKER, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Civil Action No. 5:18-cv-1096-CLS |
| RANDY ALLAN HAMES, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER ON PLAINTIFFS' MOTION TO ALTER OR AMEND

This order addresses document number 242: "Plaintiffs' Motion for Clarification or in the Alternative, Motion to Alter, Amend, or Vacate the Court's June 15, 2023 Memorandum Opinion and Order."[1]

Amendment of a final judgment "is an extraordinary remedy which should be used sparingly." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1, at 156-57 & n.13 (2016). The grounds upon which such a motion may be granted are: an intervening change in controlling law; newly discovered or previously unavailable evidence; or, a need to

---

[1] Plaintiffs' motion is based upon Federal Rule of Civil Procedure 59(e), which allows a party to move to "alter or amend a judgment." The subject memorandum opinion and related orders and partial final judgments were docketed as document numbers 238 and 239, respectively.

correct clear error or prevent manifest injustice. *Id*. at 158-62 (collecting cases).[2]

Upon consideration of the motion and defendants' response (doc. no. 244), this court concludes that its prior memorandum opinion and partial judgments should be amended to correct clear error.

Part II.A of the prior opinion discussed the motion for summary judgment filed by defendants Randy Hames, Hames Marina, L.L.C., and Marina Management Company, L.L.C.[3] When addressing plaintiffs' retaliation claims (as distinguished from their interference claims), the court found that summary judgment was due to be entered with respect to the conduct of Randy Hames that occurred after his eviction of plaintiffs from their mobile homes.[4] That was error.

With respect to the retaliation claims, the court found that plaintiffs established a *prima facie* case: "In particular, plaintiffs . . . offered evidence to show that they opposed Hames's sexual advances (protected activity) and were served with a 'notice

---

[2] *See also, e.g.*, *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (*per curiam*) (holding that the only grounds for granting a Rule 59(e) motion "are newly-discovered evidence or manifest errors of law or fact," and that such motions cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"); *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) (*per curiam*) (holding that "a motion to reconsider should not be used . . . to set forth new theories of law," and when "a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion") (footnotes omitted)).

[3] *Compare* doc. no. 152 (Hames Defendants' Motion for Partial Summary Judgment) *with* doc. no. 238 (Memorandum Opinion), at 22-58.

[4] *See* doc. no. 238 (Memorandum Opinion), at 51.

to vacate' (adverse action) shortly thereafter (causation)."[5] Defendants proffered a legitimate justification for Hames's actions following the posting of notices to vacate: *i.e.*, "each plaintiff's rent delinquency."[6] This court concluded, however, that a reasonable jury could find that defendants' proffered justification was a pretext for discrimination, and that summary judgment was improper.[7] Discussion of plaintiffs' retaliation claim should have ended there. *See, e.g.*, *Walker v. City of Lakewood*, 272 F.3d 1114, 1131 (9th Cir. 2001) (reversing summary judgment on FHA retaliation claim because there existed "a disputed issue of material fact regarding the City's motivations" for acting adversely toward plaintiff).

As plaintiffs correctly contend, however, the court went one step further and, thus, one step too far. The court concluded that defendants were entitled to summary judgment, insofar as plaintiffs sought recovery for conduct postdating their eviction from Hames's mobile homes. Specifically, the court erred by bifurcating plaintiffs' retaliation claim, and dismissing that portion based on Hames's post-eviction conduct.[8] In so ruling, the court errantly applied the "severe or pervasive" standard applicable to claims for hostile-environment harassment, and to interference claims

---

[5] *Id*. at 49 (footnote omitted).

[6] *Id*. at 50.

[7] *Id.* at 50-51.

[8] *Id*. at 51 ("To the extent that plaintiffs' § 3617 retaliation claims are based upon Hames's post-eviction conduct, however, summary judgment in favor of defendants is proper.").

premised upon acts independent of any substantive violation of Fair Housing Act sections 3603, 3604, 3605, or 3606.[9]

In sum, the court should simply have concluded, after finding for plaintiffs at the pretext stage of the *McDonnell Douglas* analysis, that plaintiffs' retaliation claims survived summary judgment in full.  The jury, not the court, should ultimately decide whether Hames's conduct was retaliatory. Bifurcating the retaliation claims on a chronological basis was an error.  For these reasons, the court **GRANTS** plaintiffs' motion and **STRIKES** the final paragraph on page 51 of the June 15 opinion,[10] thereby reflecting that plaintiffs' retaliation claim, in its entirety, survives summary judgment.

The court will enter an amended partial final judgment separately.

---

[9] *See* 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.").

[10] Specifically, the following language is struck from the memorandum opinion entered on June 15, 2023:

> To the extent that plaintiffs' § 3617 retaliation claims are based upon Hames's post-eviction conduct, however, summary judgment in favor of defendants is proper.  Plaintiffs' claims based on such conduct must fail for the reasons previously stated in the discussion of plaintiffs' interference claims: *that is*, plaintiffs have not presented evidence that Hames's actions caused them to be expelled from the shelter for abused women, and the conduct is not otherwise such that a reasonable jury could deem it severe or pervasive.

Doc. no. 238 (Memorandum Opinion), at 51.

4

**DONE** this 18th day of August, 2023.

_____
Senior United States District Judge